1
2
3
4
5
6
7

O

8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11 | MARTIN HERNANDEZ JR.,        ) Case No. EDCV 12-0773 RNB
                                 )
12 |               Plaintiff,    )
                                 ) ORDER AFFIRMING DECISION OF
13 |        vs.                  ) COMMISSIONER
                                 )
14 | CAROLYN W. COLVIN, Acting   )
    | Commissioner of Social     )
15 | Security,¹                  )
    |               Defendant.   )
16 | _____ )

17

18        The Court now rules as follows with respect to the three disputed issues listed
19 | in the Joint Stipulation.²

20

21

22        ¹        The Acting Commissioner is hereby substituted as the defendant
   pursuant to Fed. R. Civ. P. 25(d).  No further action is needed to continue this case
23 | by reason of the last sentence of 42 U.S.C. § 405(g).

24
          ²        As the Court advised the parties in its Case Management Order, the
25 | decision in this case is being made on the basis of the pleadings, the administrative
26 | record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties.  In accordance
   with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined
27 | which party is entitled to judgment under the standards set forth in 42 U.S.C. §
28 | 405(g).

1

**A.**     **Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination (Disputed Issue No 3).**

Disputed Issue No. 3 is directed to the ALJ's adverse credibility determination. (See Jt Stip at 16-19.)  Specifically, plaintiff contends that the ALJ erred in relying on evidence of plaintiff's daily activities in support of the ALJ's adverse credibility determination.  (See Jt Stip at 17-18.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so.  See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Here, plaintiff testified that he was unable to work because of pain from three hip surgeries, the latest of which was a hip replacement in 2007. (See AR 30-31, 35.) The ALJ determined that although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's symptoms concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's assessment of plaintiff's RFC.  (See AR 15.)

In support of this adverse credibility determination, the ALJ proffered multiple reasons.  For example, the ALJ determined that plaintiff's daily activities – caring for personal hygiene, doing laundry, cooking, cleaning, and going to church services

1  lasting 2 hours – undermined plaintiff's credibility because "[s]ome of the physical
2  and mental abilities and social interactions required in order to perform these
3  activities are the same as those necessary for obtaining and maintaining employment."
4  (See AR 15.)   Plaintiff contends that this reason was improper because his daily
5  activities were not at a level suggesting that plaintiff could hold down a job. (See Jt
6  Stip at 17-18.)

7       The Court disagrees.   Under Ninth Circuit jurisprudence, the ALJ's
8  determination that plaintiff's daily activities involved the performance of physical,
9  mental, and social functions that were transferable to a work setting was not
10 erroneous. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ did
11 not err in finding that the claimant's ability to perform chores such as cooking,
12 laundry, washing dishes, and shopping undermined the credibility of her subjective
13 complaints); Tidwell v. Apfel, 161 F.3d 599, 601, 602 (9th Cir. 1998) (claimant's
14 testimony that she did the laundry, cleaned the house, vacuumed, mopped, dusted,
15 and shopped for groceries was inconsistent with claim of severe back impairment);
16 Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (per curiam) (holding that the ALJ
17 did not err in concluding that the claimant's ability to cook, do dishes, go to the store,
18 visit relatives, and drive indicated that he could perform light work).

19      In any event, even assuming arguendo that the ALJ did improperly rely on
20 evidence of plaintiff's daily activities in support of the ALJ's adverse credibility
21 determination, the ALJ cited other reasons that plaintiff does not challenge.
22 Specifically, the ALJ noted that plaintiff's allegations were greater than expected in
23 light of the objective evidence of the record: specifically, in 2008, following
24 petitioner's hip replacement, plaintiff's treating physician released him to less
25 strenuous work.  (See AR 15, 17; see also AR  203.)   The Court finds that this
26 constituted a legally sufficient reason on which the ALJ could properly rely in
27 support of his adverse credibility determination. See Osenbrock v. Apfel, 240 F.3d
28 1157, 1166 (9th Cir. 2001) (ALJ properly rejected pain testimony where treating

3

1  physician released claimant for return to light duty work); Crane v. Shalala, 76 F.3d
2  251, 253-54 (9th Cir. 1996) (treating physician's opinion that claimant was fully
3  employable may alone constitute substantial evidence).

4       The ALJ also noted that the record indicated only routine and conservative
5  treatment since his hip replacement, consisting of routine check-up appointments with
6  his primary care physician. (See AR 15; see also AR 300-02, 305-06, 342-43.)  The
7  Court finds that this constituted a legally sufficient reason on which the ALJ could
8  properly rely in support of his adverse credibility determination.  See Parra v. Astrue,
9  481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative treatment is sufficient
10 to discount a claimant's testimony regarding severity of an impairment); Johnson v.
11 Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (ALJ may properly rely on the fact that
12 only conservative treatment had been prescribed).

13      The ALJ also noted that no medical source rendered a statement endorsing the
14 extent of plaintiff's alleged functional limitations. (See AR 15.)  The Court finds that
15 this constituted a legally sufficient reason on which the ALJ could properly rely in
16 support of his adverse credibility determination.  See Matthews v. Shalala, 10 F.3d
17 678, 680 (9th Cir. 1993) (ALJ properly rejected pain complaints where no physician
18 who examined claimant expressed the opinion that he was totally disabled).

19      It follows that, to the extent that the ALJ may have erred in basing his adverse
20 credibility determination on evidence of plaintiff's daily activities, the error was
21 harmless.  See Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1162-63
22 (9th Cir. 2008) (holding that ALJ's reliance on two invalid reasons in support of
23 adverse credibility determination was harmless where remaining reasons were
24 adequately supported by substantial evidence); Batson v. Commissioner of Social
25 Security Administration, 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that any error
26 by ALJ in relying on evidence of claimant's daily activities was harmless where
27 adverse credibility determination was otherwise supported by substantial evidence).
28 //

1    The Court therefore finds and concludes that reversal is not warranted based
2    on the ALJ's alleged failure to make a proper adverse credibility determination.

3

4    **B.    Reversal is not warranted based on the ALJ's alleged failure to properly**
5    **consider the examining physician's opinion (Disputed Issue No. 2).**

6         Disputed Issue No. 2 is directed to the ALJ's failure to accord great weight to
7    the opinion of the examining orthopedist, Dr. Bilezikjian. (See Jt Stip at 12-16.) Dr.
8    Bilezikjian opined that plaintiff's hip condition imposed limitations that included,
9    inter alia, the possible need to use crutches "at all times for support." (See AR 233.)

10        To reject the uncontradicted opinion of an examining physician, an ALJ must
11   provide "clear and convincing" reasons. Where, as in this case, the examining
12   physician's opinion is contradicted by that of another doctor, the ALJ must provide
13   "specific and legitimate" reasons that are supported by substantial evidence in the
14   record. See Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294,
15   1298-99 (9th Cir. 1999); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995);
16   Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); see also Bayliss v. Barnhart,
17   427 F.3d 1211, 1216 (9th Cir. 2005).

18        Here, the ALJ gave "significant, but not great weight" to Dr. Bilezikjian's
19   opinion because, although Dr. Bilezikjian personally observed and examined plaintiff,
20   he "seemed to accept uncritically as true most, if not all, of what [plaintiff] reported";
21   the ALJ also noted that plaintiff admitted at the hearing that he only used crutches
22   when his pain got "too bad." (See AR 17; see also AR 40-41, 230.) The Court finds
23   that this constituted a legally sufficient reason for the ALJ not to accord great weight
24   to Dr. Bilezikjian's opinion. See Morgan v. Chater, 169 F.3d 595, 602 (9th Cir.
25   1999) (a physician's opinion of disability premised to a large extent upon the
26   claimant's own accounts of his symptoms and limitations may be disregarded where
27   those complaints have been properly discounted); Fair v. Bowen, 885 F.2d 597, 605
28   (9th Cir. 1989) (same); Brawner v. Secretary of Health and Human Services, 839 F.2d

5

1 | 432, 433-34 (9th Cir. 1988) (per curiam) (same); see also Andrews, 53 F.3d at 1042
2 | (ALJ properly rejected examining physician's opinion that claimant's alcoholism was
3 | uncontrolled where, inter alia, claimant testified that he had been able to control his
4 | alcohol and drug dependence for years at a time).

**C.**   **Reversal is not warranted based on the ALJ's alleged failure to make a proper listings determination (Disputed Issue No. 1).**

Disputed Issue No. 1 is directed to the ALJ's determination that plaintiff's hip condition did not meet or equal the requirements of Listing 1.03 (reconstructive surgery of a major weight-bearing joint). (See Jt Stip at 3-8.)

At step three of the sequential evaluation process, the ALJ must determine whether a claimant's impairment or combination of impairments meets or equals a listed impairment set out in 20 C.F.R. Part 404, Subpart P, Appendix 1. See Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). To "meet" a listed impairment, the claimant must establish that he satisfies each element of the listed impairment in question. See Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); Tackett, 180 F.3d at 1099. To "equal" a listed impairment, a plaintiff "must establish symptoms, signs, and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." Tackett, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526).

Listing 1.03 requires "[r]econstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.03. The Commissioner has generally defined ineffective ambulation as "having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities."

6

1   See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00B2b.  An example of ineffective
2   ambulation includes "the inability to walk a block at a reasonable pace on rough or
3   uneven surfaces."  See id.

4         Preliminarily, plaintiff contends that the ALJ's determination that plaintiff
5   failed to meet or equal the requirements of Listing 1.03 was erroneous because it was
6   merely a "boilerplate" finding.  (See Jt Stip at 7-8.)  The Court rejects this contention
7   because the ALJ extensively discussed the evidence, so that the basis of his listings
8   determination was clear (see AR 16-17).  See also Lewis v. Apfel, 236 F.3d 503, 513
9   (9th Cir. 2001) (ALJ's listings determination was adequate where he "discussed and
10  evaluated evidence supporting his conclusion"); Gonzalez v. Sullivan, 914 F.2d 1197,
11  1201 (9th Cir. 1990) ("It is unnecessary to require the [Commissioner], as a matter
12  of law, to state why a claimant failed to satisfy every different section of the listing
13  of impairments" where there were specific findings supporting the conclusion).

14        Although plaintiff cites various portions of the record as evidence purporting
15  to meet or equal the requirements of Listing 1.03, the crux of plaintiff's claim appears
16  to be that the ALJ's determination was not supported by substantial evidence because
17  of two pieces of evidence of ineffective ambulation.  (See Jt Stip at 4-6.)  First,
18  plaintiff points to the opinion of Dr. Bilezikjian that plaintiff may need to use
19  crutches at all times for support.  (See Jt Stip at 4.)  However, as the Court found
20  above, the ALJ provided a specific and legitimate reason to not give great weight to
21  Dr. Bilezikjian's opinion.

22        Second, plaintiff points to the ALJ's RFC determination that plaintiff cannot
23  walk on uneven terrain.  (See Jt Stip at 5-6; see also AR 14.)  However, such a
24  limitation by itself does not establish an inability to ambulate effectively for purposes
25  of the listings.  See, e.g., Moreno v. Astrue, 444 Fed. Appx. 163, 164 (9th Cir. 2011)
26  (ALJ's RFC determination that limited claimant to walking on even terrain did not
27  establish inability to ambulate effectively under the listings); Perez v. Astrue, 831 F.
28  Supp. 2d 1168, 1176 (C.D. Cal. 2011) (medical opinion that claimant should not walk

on uneven terrain did not equate to inability to ambulate effectively); <u>Delavara v. Astrue</u>, 2013 WL 645626, at *5 (C.D. Cal. Feb. 20, 2013) (ALJ's finding that uneven ground might affect plaintiff's ability to work did not equate to inability to ambulate effectively).

The Court therefore finds and concludes that reversal is not warranted based on the ALJ's alleged failure to make a proper listings determination.

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED:  April 4, 2013

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

8